IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALI S. MUHAMMAD,<br><br>　　Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO.; JP MORGAN CHASE BANK, N.A.; SELECT PORTFOLIO SERVICING, INC.; RUBIN LUBLIN, LLC and PETER RUBIN[1],<br><br>　　Defendants. | Case No.<br>1:17-cv-04330-LMM |

## RUBIN LUBLIN, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Rubin Lublin, LLC ("Rubin Lublin"), a named Defendant in the above-styled civil action, and hereby files this Memorandum of Law in Support of its Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

---

[1] The Complaint incorrectly states that Peter Rubin is an individual authorized to accept service of process on behalf of Rubin Lublin. *See* [Doc. 1] at ¶ 5. However, there is no individual named Peter Rubin at Rubin Lublin, LLC, and this is instead an amalgamation of the two name partners of Rubin Lublin – Peter Lublin and Glen Rubin.

1

## **RELEVANT FACTS AND PROCEDURAL HISTORY**

This case represents at least the *seventh* attempt by the Plaintiff to stall a foreclosure sale of the real property located at 1560 Ravens Run, Jonesboro, Georgia 30236 (the "Property"). *See* [Doc. 1], ¶ 8. None of his prior attempts have been successful, and the most recent case resulted in a dismissal with prejudice. *See Muhammad v. JPMorgan Chase Bank, USA*, No. 1:15-cv-04479-AT, [Doc. 41] (N.D. Ga. June 20, 2016) ("*Muhammad II*").[2] Of these seven cases, Rubin Lublin has been a party to *Muhammad II*, a prior case also dismissed with prejudice, *Muhammad v. Dimon*, No. 1:15-cv-00107-AT, [Docs. 70, 71] (N.D. Ga. July 30, 2015) ("*Muhammad I*")[3], and the instant case.

In this case, the Plaintiff alleges that he "is the owner of the subject property and holders prescriptive title pursuant to" the Warranty Deed dated August 12, 2005, conveying the Property to the Plaintiff, which was recorded on August 17, 2005, in Deed Book 8260, Page 97, Clayton County, Georgia records (the "Warranty Deed"). *See* [Doc. 1], ¶ 2, p. 14. To finance the purchase of the Property, the Plaintiff obtained a loan in the original principal amount of $221,850.00 from Long Beach Mortgage Company, secured by executing a

---

[2] Pursuant to Fed. R. Evid. 201(c)(2), Rubin Lublin respectfully requests that this Court take judicial notice of all filings from *Muhammad II* that are cited herein.
[3] Pursuant to Fed. R. Evid. 201(c)(2), Rubin Lublin respectfully requests that this Court take judicial notice of all filings from *Muhammad I* that are cited herein.

Security Deed in favor of Long Beach Mortgage Company, recorded on August 17, 2005, in Deed Book 8260, Page 98, Clayton County, Georgia records (the "Security Deed"). *Id.* at pp. 16-17. A true and correct copy of the Security Deed is attached hereto as **Exhibit "A"**.[4] The Security Deed was subsequently assigned on February 4, 2014, to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL3 ("Deutsche Bank") by virtue of the Assignment of Security Deed recorded on February 14, 2014, in Deed Book 10484, Page 1, Clayton County, Georgia records (the "Assignment"). A true and correct copy of the Assignment is attached hereto as **Exhibit "B"**. The Plaintiff alleges that there has been a "threatened Wrongful Non-Judicial Foreclosure" and further contends that the Security Deed and the Assignment are "false, fraudulent and fabricated instruments created and recorded in anticipation of foreclosure and in violation of Georgia law." *See* [Doc. 1], ¶¶ 1, 9.

In *Muhammad I*, this Court found (and the Plaintiff admitted) that in September of 2012, the Plaintiff and JPMorgan Chase Bank, USA ("Chase") entered into a confidential settlement agreement (the "Agreement"), an addendum to which provided, *inter alia*, that "Chase was authorized to institute foreclosure

---

[4] This Court can take judicial notice of public records without converting this motion to one for summary judgment. *Bryant v. Avado Brands*, Inc. 187 F.3d 1271, 1278 (11th Cir. 1999).

proceedings as to [the Property]" and that the Plaintiff agreed not to interfere with such foreclosure proceedings. *See Muhammad* I, [Doc. 62], p. 5 (Final Report and Recommendation). Clearly, he is not abiding by this agreement.

In *Muhammad I*, the Plaintiff challenged the planned foreclosure sale, vis-à-vis Rubin Lublin, on the basis that the alleged transfer of ownership of the Property also meant that he no longer owed the debt underlying the Security Deed. *See id.* at p. 7. Additionally, the "Plaintiff also alleges that Rubin Lublin's notice of foreclosure contained the false statements that Plaintiff was the owner of the Ravens Run Property and that Deutsche Bank was the creditor of his loan." *Id.* These allegations formed the basis of a claim under the Fair Debt Collection Practices Act ("FDCPA"). *Id.* This Court dismissed these claims, in part because "[t]he assignment of the security deed attached to Rubin Lublin's motion to dismiss shows that Deutsche Bank did, in fact, succeed to the original lender before the notice of foreclosure was sent, . . . and Plaintiff has alleged no facts to show that Deutsche Bank was not the holder of the security deed as of the date of the foreclosure notice." *Id.* at pp. 12-13.

In *Muhammad II*, the Plaintiff again attempted to assert a claim under the FDCPA against Rubin Lublin, as well as purported claims under the "FTC Act," to quiet title to the Property, fraud, to set aside and vacate foreclosure,

violations of the Georgia Fair Business Practices Act, permanent injunctive relief, and violations of the Real Estate Settlement Procedures Act ("RESPA"), *see Muhammad II,* [Doc. 34], p. 7. This Court found that these claims were barred by the doctrine of *res judicata*, *see id.* at pp. 12-20, and further found that the claims "should be dismissed because they fail to state plausible claims for relief or fail as a matter of law." *Id.* at pp. 22-30.

In the present action, the Plaintiff repeats many of the claims from his previous litigation, including (1) quiet title; (2) violations of the Georgia Fair Business Practices Act; and (3) injunctive relief to stop the purported foreclosure. *See* [Doc. 1]. It is not clear whether any of these claims are directed at Rubin Lublin, especially since Rubin Lublin claims no interest in the Property. It is only expressly mentioned in the "Jurisdiction and Venue" section of the Complaint, *see* [Doc. 1], ¶¶ 3, 5.

It is abundantly clear that this case is nothing more than yet another delay tactic by the Plaintiff to continue the postponement of the foreclosure sale and the ultimate disposition of the Property. There are absolutely no facts to support any of the claims in the Complaint against Rubin Lublin, and moreover, all of the claims asserted are barred by the doctrine of res judicata. As with *Muhammad I* and

*Muhammad II*, the Complaint in the present case should similarly be dismissed with prejudice.

## ARGUMENT AND CITATION OF AUTHORITY

**A.   STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Amended Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**B.   THIS ACTION IS BARRED BY THE DOCTRINE OF RES JUDICATA**

As noted above, this is at least the third time that the Plaintiff has brought nearly the same lawsuit against Rubin Lublin, and this action should be dismissed

on the basis that it is barred by the doctrine of *res judicata*. The Eleventh Circuit has held "that federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction." *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1316 (11th Cir. 2003) (citations omitted). Under federal preclusion principles,

> "*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999). An action is barred by prior litigation if all of "the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

*Shafler v. Indian Spring Maintenance Ass'n*, 139 F. App'x 147, 150 (11th Cir. 2005).

This Court is permitted to take judicial notice of filings and orders in prior cases in order to determine whether *res judicata* bars a subsequent case, without converting a motion to dismiss to one for summary judgment. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *see also Nelson v. U.S.*, 64 F. Supp. 2d 1318, 1321 (N.D. Ga. 1999) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)). As such, this Court can look to *Muhammad I* and *Muhammad II* to determine whether *res judicata* applies. Undoubtedly, all of the factors are satisfied here:

1)     This Court entered a final judgment in both *Muhammad I* and *Muhammad II*, dismissing all claims with prejudice in response to a Rule 12(b)(6) motion to dismiss. Specifically, the final order in *Muhammad* I stated that "[t]he Court **GRANTS** the Defendants' Motions to Dismiss [Docs. 23, 32, and 33] . . . and **DISMISSES** this action **WITH PREJUDICE**." *Muhammad* I, [Doc. 70], p. 14. Similarly, in *Muhammad II* the final order stated that "[t]he Court **ADOPTS** the R&R . . . . Defendants' Motions to Dismiss [Docs. 17, 20, 22] are **GRANTED** and Plaintiff's Complaint is **DISMISSED**." *Muhammad* II, [Doc. 41], p. 9. "[T]he Supreme Court has clearly stated that '[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.'" *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (quoting *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). Accordingly, the first element of res judicata has been met.

2)     Second, this Court was one of competent jurisdiction in both *Muhammad I* and *Muhammad II*. The Complaints in the prior actions contained federal claims under the FDCPA and Fair Credit Reporting Act in *Muhammad I*, and the FDCPA and the FTC Act in *Muhammad II*, which gave this Court federal question jurisdiction under 28 U.S.C. § 1331. *See Muhammad I*, [Doc. 1], ¶¶ 26-39; *Muhammad II*, [Doc. 1], ¶¶ 27-41. The federal claims and state law claims in

both *Muhammad I* and *Muhammad II* all related to the Settlement Agreement and Security Deed, and therefore this Court had supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a). *See Muhammad I*, [Doc. 1], ¶¶ 40-54; *Muhammad II*, [Doc. 1], ¶¶ 19-26, 42-69.

    3)    Next, Rubin Lublin was a party to *Muhammad I* and *Muhammad II* and therefore the parties are the same to both this case and the previous two. The third factor is therefore satisfied.

    4)    Finally, this case involves "the same cause of action" as *Muhammad I* and *Muhammad II*. To determine whether "the same cause of action is involved in both cases," this Court "must examine the factual issues that must be resolved in the second suit and compare them with the issues explored in the first case." *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1299 (11th Cir. 2001) (quoting *Pleming v. Universal-Rundle Corp.,* 142 F.3d 1354, 1357-58 (11th Cir. 1998)). Specifically, it must be determined whether the second case involves "legal theories and claims arising out the same operative nucleus of fact." *Id.* This factor is clearly satisfied here.

In *Muhammad I*, the Plaintiff argued that a foreclosure sale of the Property was improper because title was allegedly transferred to Chase by the Settlement Agreement, which somehow discharged the debt, and by extension, the Security

9

Deed. *See Muhammad I*, [Doc. 1], ¶¶ 22-23. In *Muhammad II*, the Plaintiff again challenged the foreclosure of the same Security Deed on the same basis, alleging that "Defendants seek to force consumers, including this Plaintiff, to pay the debt on a security deed that is not legitimately owned by the consumer." *See Muhammad II,* [Doc. 15], ¶ 36. The present case once again attempts to challenge the Security Deed and Assignment, with the same vague allegations of these instruments being "fraudulent" and "fabricated." As such, both cases arise of the same nucleus of operative fact, and this Court should find that this action is barred by the doctrine of *res judicata*.

## C.  THE PLAINTIFF HAS FAILED TO STATE A CLAIM TO QUIET TITLE

Even if this action was not barred by *res judicata*, dismissal is still warranted based on the Plaintiff's failure to state a viable cause of action. Though Count I does not explicitly mention Rubin Lublin by name, Rubin Lublin will respond in an abundance of caution. Count I seeks to quiet title to the Property, in an effort to attack the validity of the Security Deed and Assignment, arguing that "Defendants claim an interest in the subject property adverse to Plaintiffs based upon the aforementioned false, fictitious, and fabricated documents." *See* [Doc. 1], ¶¶ 7-12. However, the Plaintiff does not allege that Rubin Lublin has a potential adverse claim against the Property, nor does Rubin Lublin claim any interest in the

Property. The only alleged adverse claims are based on the Security Deed and Assignment. [Doc. 1], ¶¶ 9-11. As such, Rubin Lublin is simply not the correct party to a claim to quiet title.

In any event, the Plaintiff cannot obtain relief even against the proper parties. The goal of this claim is to obtain a "decree from this Court establishing that Plaintiff is the owner in fee simple of the subject property free and clear of any adverse claims and all clouds against their [*sic*] title." *Id.* at ¶ 12. Put another way, the Plaintiff would like the Security Deed cancelled of record and title placed in his name. However "a plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not paid the note or tendered payment of the note." *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, S.E.2d 844, 846 (Ga. 2003). Here, the Plaintiff does not allege anywhere in the Complaint that he has paid the amount due. Nor does he claim to be otherwise excused from the tender requirement. Without tendering payment, the Plaintiff cannot seek injunctive relief, because "[h]e who would have equity must do equity . . . ." O.C.G.A. § 23-1-10. Therefore, this Court should find that the Plaintiff is estopped from obtaining equitable relief in the form of quieting title to the Property, and dismiss the first count of the Complaint.

## D.    THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FBPA

In Count III,[5] the Plaintiff alleges that "[t]he acts and practices set forth in the above paragraphs evidence a course and pattern of conduct in violation of state and federal statutes and law and constitute deceptive and unfair trade practices in Georgia and violate the Georgia Fair Business Practices Act," along with "other deceptive acts and practices" including:

   a. Claimed to be the valid owner and or holder of Plaintiff's original promissory note and/or Security Deed, when they were not, and represented that it or they had the legal standing and ability to collect payments under the promissory note and to foreclose the Security Deed, when it and they did not.
   b. Represented that the documents recorded in the Public Records of Clayton County, Georgia when defendant knew, or should have known that the subject documents, including the recorded assignments of the Security Deed, were fabricated documents, not done in the ordinary course of mortgage lending but fabricated after the fact in anticipation of foreclosure to give defendants the colorable appearance of having the legal ability to foreclose when they did not, which use of fabricated documents violates Georgia House Bill 985, which states in pertinent part, "... it shall be unlawful for any person to (1) knowingly file, enter or record any document in a public record or court of this state knowing or having reason to know that such document is false or contains a materially false, fictitious, or fraudulent statement or representation; ". [*sic*] Defendant's acts and practices constitute violations of said provision.
   c. Defendants, individually and in concert, have combined to cloud Plaintiff's title by recording false and misleading documents in the

---

[5] Count II is not mentioned herein, as it is expressly limited to Select Portfolio Servicing, Inc.

> public records in order to deprive Plaintiff of his home, continue to threaten to deprive Plaintiff of his home, continue to violate both state and federal law as set forth with more particularity in this Complaint and continue to combine to perpetuate their unfair and deceptive acts and practices in an effort to deprive Plaintiff of his property.

*See* [Doc. 1], ¶19.

"The FBPA is intended to protect consumers . . . from unfair or deceptive practices in the conduct of any trade or commerce." *Marrale v. Gwinnett Place Ford*, 271 Ga. App. 303, 306-07, 609 S.E.2d 659, 663-64 (2005) (quoting *Henderson v. Gandy,* 270 Ga. App. 827(4), 608 S.E.2d 248 (2004)). However, "the legislature 'intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that the FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise.'" *Yates v. GMAC Mortg.* LLC, No. 1:10-CV-02546-RWS, 2010 WL 5316550, at *2 (N.D. Ga. Dec. 17, 2010) (quoting *Brogdon v. Nat'l Healthcare Corp.,* 103 F. Supp. 2d 1322, 1336 (N.D.Ga.2000) (citation omitted).

The Georgia Court of Appeals has explicitly held that this exemption bars plaintiffs from pursuant FBPA claims based on allegations of using fraudulent or defective documents in the foreclosure process because this conduct is covered by

a different statute, the Georgia Mortgage Residential Mortgage Act, O.C.G.A. § 7-1-1000 *et seq.*. *Stewart v. SunTrust Mortg., Inc.*, 770 S.E.2d 892, 897-88 (Ga. Ct. App. 2015). The Court of Appeals further found that mortgage transactions in general are regulated by other laws, and are thus generally exempt from FBPA claims, regardless of the factual allegations. *Id.*

Here, the Plaintiff's claim falls squarely within the conduct found in *Stewart* to fall outside of the FBPA. The entire claim is premised on allegations that the Defendants are seeking to foreclose the Security Deed by use of fraudulent or defective documents. *See* [Doc. 1], ¶ 19.b. Additionally, the Plaintiff has failed to plead any facts in support of his bare allegations that the any documents are invalid, and thus he has failed to comply with *Iqbal* and *Twombly*. Thus, the FBPA claim cannot survive and Count III should be dismissed.

**E.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR INJUNCTIVE RELIEF**

Within the Plaintiff's Complaint (duplicatively labeled as Count III) is a cause of action or alternative a Motion for a Temporary Rrstraining Order "to enjoin and restrain Defendants from auctioning, selling, foreclosing, or offering for sale Plaintiffs [*sic*] real property at a non-judicial foreclosure auction sale." *See* [Doc. 1], ¶ 25. However, the Plaintiff cannot succeed on his claim for any type of

injunctive relief whatsoever, for the simple reason that he has not fulfilled a major prerequisite for seeking equitable relief.

Under Georgia law, ***all*** equitable claims are barred by failure to tender. *See Taylor, Bean & Whitaker Mortgage Corp.*; *see also Smith v. Citizens & S. Fin. Corp.*, 245 Ga. 850, 852, 268 S.E.2d 157 (1980); *Blake v. Bank of Am., N.A.*, No. 1:14-CV-3252-TWT, 2015 WL 4756773, at *8 (N.D. Ga. Aug. 12, 2015) (citations omitted). It is "necessary" for plaintiffs to allege that they "have tendered the amounts due on their loan . . . in order for the Court to have the ability to grant them equitable relief." *Cox v. Bank of Am. Corp.*, No. 1:15-CV-172-WSD, 2015 WL 5174013, at *12 (N.D. Ga. Sept. 3, 2015), *appeal dismissed* (Dec. 21, 2015) (citing *Stewart*, 331 Ga. App. at 640-41).

Here, as noted in Section C, *supra*, the Plaintiff does not state anywhere in the Complaint that he has paid the amount due on the Loan. Without tendering payment, the Plaintiff, cannot obtain injunctive relief, because "[h]e who would have equity must do equity . . . ." O.C.G.A. § 23-1-10; *see also Walker v. JPMorgan Chase Bank, N.A.*, 87 Fed. R. Serv. 2d 795 (N.D. Ga. 2013). Therefore, this Court should find that the Plaintiff is estopped from obtaining any injunctive relief due to his failure to tender the amounts owed, and the Complaint should be dismissed as to Rubin Lublin.

## CONCLUSION

Based on the foregoing, Rubin Lublin respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 22nd day of November, 2017.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)
>SMITA GAUTAM (GA Bar No. 628374)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(404) 921-9016 (Facsimile)
>bchaness@rubinlublin.com
>sgautam@rubinlublin.com
>
>*Attorneys for Rubin Lublin, LLC*

## **FONT CERTIFICATION**

The undersigned counsel for Rubin Lublin hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 22nd day of November, 2017.

                                                */s/ Bret J. Chaness*
                                                BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 22nd day of November, 2017, served all parties in this matter with the within and foregoing by CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Ali S. Muhammad
P.O. Box 92597
Atlanta, GA 30314

>            */s/ Bret J. Chaness*
>            BRET J. CHANESS (GA Bar No. 720572)