IN THE UNITED STSTES DISTRICT COURT
FOR THE NORTHERNDISTRICT OF GEORGIA
ATLANTA DIVISION.

CIVIL ACTION FILE NO.:
1;17-CV-4330-MLB-JSA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 1 8 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ALI S MUHAMMAD,

    Plaintiff

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,

    Defendants.

_____/

## **PLAINTIFF'S RESPONSE AND OBJECTIONS TO THE ORDER ADOPTING REPORT AND RECOMMENDATION**

    Plaintiff, Ali S. Muhammad, Pro Se files this his Response and Objections to the Order Adopting Report and Recommendation of the Magistrate Judge and states as follows:

    This Court entered an Order Adopting the Report and Recommendation of the Magistrate Judge entered September 6, 2018. Plaintiff responds and Objects to the Order Adopting Report and Recommendation as follows: The court in its Order stated that "Parties filing objections to a magistrates report and recommendation must specifically identify those findings objected to." However the Order goes on to state that "the Magistrate Judge plainly applied the correct standard" without even identifying what that standard is. The Court's own ruling was non-specific. It

1

is difficult to object to the application by the magistrate judge regarding the "correct standard" when that standard is not specifically stated in the Order.

Plaintiff filed objections to the Non-Final Report and Recommendations. (Dkt. 36). Plaintiff re-alleges and incorporates said objections into this response and objections by reference herein. The Court failed to consider the sum and substance of Plaintiff's objections.

Further, the ruling was objectionable because during the proceedings Defendant JP Morgan Chase filed two (2) responses which were not timely filed. Plaintiff moved for a default against said Defendant JP Morgan Chase Bank which requests for a default were ignored by the Court, which granted unwarranted extensions of time thereby allowing Defendant JP Morgan Chase Bank to evade the rules.

Plaintiff objects to the application of res judicata to this case. The case does not meet all of the requirements for a finding of res judicata. The Court admits that res judicata does not apply to Plaintiff's RESPA Claim when it states that "Res judicata bars all of Plaintiff's claims, **except his RESPA claim against SPS.** (emphasis added). The ruling by the Magistrate judge that "the letter sent to Defendant does not meet the requirements of a valid Qualified Written Request is clearly erroneous based upon the following precepts:

A Qualified Written Request (QWR) under RESPA, imposes on the servicer a duty to respond to borrowers' inquiries. The duties that are triggered by receipt of a QWR, particularly in light of recent changes to the statutory response times applicable to QWRs, is defined in RESPA, 12 USC 2605(e)(1)(B), as: a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer that (i) includes, or otherwise enables the servicer to

2

identify the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding **other information sought by the borrower.** (emphasis added).

Courts have held that "RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a qualified written request and respond accordingly." Catalan v. GMAC Mortg. Corp., 629 F. 3d 676, 687 (7th Cir. 2011). Thus, **"[a]ny reasonable stated written request for account information can be a qualified written request." id.** Since Plaintiff's letter sent to Defendant SPS in October, 2017 was "a reasonable stated request for account information", the Magistrate Judge's conclusion that the letter Plaintiff sent to Defendant SPS does "not meet the requirements of a valid Qualified Written Request is clearly erroneous. As the borrower, is entitled to "other information sought by the borrower" and since RESPA does not require any magic language, the court's conclusion that Plaintiff's request does not qualify as a qualified written request is again clearly erroneous and reversible error.and is in violation of the above legal principle set forth in the Catalan v. GMAC Mortg. Corp decision above.

Secondly, within 30 days of receipt of the QWR the servicer must provide a substantive response. The servicer must (1) make appropriate corrections in the account of the borrower including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction or (2) after conducting an investigation,

3

provide the borrower with a written explanation or clarification that includes a statement of the reasons the servicer believes the account is correct, and the contact information of a servicer employee or office that can provide assistance to the borrower." See 12 USC 2605(e)(2). The Servicer's "substantive response" which consisted wholly of the the Note and Security Deed is legally insufficient and is a violation of the duty of the servicer to provide a substantive response to borrower's inquiries, and therefore violates 12 USC 2605 (e)(2). This is the Servicer's second violation of RESPA and Dodd-Frank.

Where the servicer receives a request for information (see 12 CFR 1024.36) the servicer must provide: (1) the information requested by the borrower or an explanation of why the information requested is unavailable. This was not done. Or (2) the contact information of a servicer employee or office that can provide assistance to the borrower. This was not done. See 12 USC 2605 (e)(2)(c). These are two additional violations.

As the court knows, the Dodd-Frank Act increased the statutory damages available to a borrower for a violation of the RESPA QWR provisions. For individual borrowers, available statutory damages per violation is $2,000.00. In addition to statutory damages, borrowers such as myself, may also seek to recover actual damages. Plaintiff should have been permitted to go forward on his RESPA claim against SPS.

Plaintiff filed this action in the United States District Court for the Northern District of Georgia. Defendants then filed a Motion under Fed. R. Civ. Pro. 12 (b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted. The Magistrate Judge has filed a Non-Final Report and Recommendation that the motion to dismiss under Rule 12 (b) (6) be granted. Plaintiff objects for the following reasons: in making his Non-Report and Recommendation that dismissal be granted, the Magistrate Judge relied solely upon Plaintiff's Complaint and upon Defendant Deutsche Bank's Motion to Dismiss, Defendant counsel's Memorandum of Law in support of it's Motion to dismiss containing legal argument and Plaintiff's Response and Memorandum of Law in Opposition to the Motion to Dismiss. Defendant's Motion to Dismiss was unsupported by any affidavits or depositions or other testimonial evidence. As such, this is an incomplete and insufficient basis for the granting of a Motion To Dismiss under Rule 12 (b) (6). Plaintiff objects based upon the reasoning in *Trinsey v. Pagliaro,* 229 F. Supp. 647 (E.D. Pa. 1964). In *Trinsey* the Court, in discussing dismissals under Rule 12 (b) (6) stated as follows: "The defendants motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests the Court to consider facts outside the record which have not been presented in the form required by Rules 12 (b) (6) and 56(c)." The Court went on to state that "Statements of counsel in their briefs or argument while enlightening to the Court are **not sufficient** (emphasis added) for purposes of granting a motion to dismiss or summary judgment."

This statement is repeated five times within the Court's opinion. An attorney for Defendants cannot admit evidence into the Court. He is either an attorney or a witness, but he, or she, cannot be both attorney and a witness at the same time.

5

For the foregoing reason and based upon the authority cited, a mere motion to dismiss and legal argument is insufficient and an incomplete basis upon which to grant a motion to dismiss under Rule 12(b) (6), as it is unsupported by affidavits or depositions or other testimonial evidence in the record and requests the Court to consider facts outside the record which have not been presented in the form required by the Rule. Therefore, it is a legally insufficient basis for the granting of a motion under Rule 12 (b) (6). The Court should deny the Motion to Dismiss due to this lack of testimonial evidence or support.

Plaintiff continues to object to the fact that the Court, in it's Order of December 27, 2017 Denied Plaintiff's Motion for Default against Defendant Chase where the record clearly and unambiguously shows that said Defendant was properly served with the Summons and Complaint in this matter and failed to file an Answer or responsive pleading within the time required by law and that Plaintiff properly and timely requested entry of Default against said Defendant, Defendant Chase should have been defaulted and did not establish "good cause" under the law for an extension of time to file it's answer or responsive pleading.

Respectfully submitted this 18th day of September, 2018.

_____
Ali S. Muhammad Plaintiff Pro Se

P.O. Box 92597
Atlanta, GA 30314

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Response to the Order Adopting Report and Recommendation has been furnished to the following;

Rubin Lublin, LLC
3145 Avalon Ridge Place
Ste.100
Peachtree Corners, GA 30071

Brian Hanson
Kutak Rock, LLP
303 Peachtree Street
Ste. 2750
Atlanta, GA 30308

Shannon J. McGinnis
Wargo & French, LLP
999 Peachtree Street, N.E.
26th Floor
Atlanta, GA 30309


FONT CERTIFICATION

I HEREBY CERTIFY that the foregoing documents were prepared in one of the fonts permitted by Local Rule 5.1, Times New Roman 14 point


This 18th day of September, 2018.


P.O. Box 92597
Atlanta GA 30314

*Ali S. Muhammad*
Ali. S. Muhammad, Plaintiff Pro Se